UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOISES ASCANIO DIAZ,

Petitioner,

v. Case No.: 2:26-cv-02936-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Moises Ascanio Diaz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Ascanio Diaz is a native of Venezuela who entered the United States on September 8, 2022, and encountered immigration officials. The Department of Homeland Security (DHS) paroled him into the country on September 26, 2022. Ascanio Diaz complied with all conditions of parole and obtained temporary protected status (now expired), work authorization, and a social security number. He has no criminal record. DHS commenced a removal proceeding, but an immigration judge dismissed it on January 31, 2024, at DHS's request.

On November 2, 2025, roving Border Patrol agents arrested Ascanio Diaz and commenced a new removal case. On February 6, 2026, Immigration Judge Stuart Siegel ordered Ascanio Diaz removed to Ecuador. In a prior habeas

action, the Court ordered the government to either bring Ascanio Diaz before an immigration judge for a bond hearing or release him. On March 26, 2026, Judge Siegel denied release on bond with this order:

> Based on Respondent being under an Order of Removal (on appeal), the Court finds that Respondent has not met his burden in establishing that he is a suitable bail risk. see Matter of Guerra.

(Doc. 5-1 at 20).

Ascanio Diaz claims his detention violates the Fifth Amendment because the bond hearing did not satisfy minimum standards for due process. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Siegel's discretion. But Ascanio Diaz also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Siegel's discretion.

Because Ascanio Diaz's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence

here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it."

*Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Siegel denied bond solely because Ascanio Diaz is subject to a non-final removal order. Judge Siegel did not conduct an individualized assessment of Ascanio Diaz's circumstances to determine whether he is a flight risk or a danger to the community. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Ascanio Diaz's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Moises Ascanio Diaz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Ascanio Diaz and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record